UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ADAM E. LANG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case number 2:11cv0058 TCM |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This is a 42 U.S.C. § 405(g) action for judicial review of the final decision of Michael J. Astrue, the Commissioner of Social Security (the Commissioner), denying the application of Adam Lang for supplemental security income (SSI) under Title XVI of the Social Security Act, 42 U.S.C. § 1381-1383b.[1] Pending is the Commissioner's unopposed motion to reverse and remand.

Plaintiff applied for SSI in January 2009, alleging a disability beginning in January 2007 caused by mental impairments. Following a hearing at which Plaintiff, represented by counsel, testified, the Administrative Law Judge (ALJ) found that Plaintiff had severe impairments of major depressive disorder, recurrent, moderate; generalized anxiety disorder; and polysubstance dependence in early remission. He also had the residual functional capacity to perform the full range of work at all exertional levels with additional,

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

nonexertional limitations of (i) work requiring only two-step instructions and providing routine supervision, (ii) relatively isolated work situations, and (iii) a low-demand environment with little interaction with peers and no interaction with the general public. Applying the Medical-Vocational Guidelines, the ALJ concluded that, with this residual functional capacity, Plaintiff was not disabled.

After the transcript of the administrative hearing was filed but before Plaintiff filed a brief in support of his complaint, the Commissioner filed the instant motion, stating that, on remand, the ALJ will be directed to obtain testimony by a vocational expert about the effects of Plaintiff's impairments on the occupational base. Plaintiff does not oppose the remand.

A case seeking judicial review of the Commissioner's adverse decision may be remanded pursuant only to sentence four or six of § 405(g). See **Shalala v. Schaefer**, 509 U.S. 292, 296 (1993); **Melkonyan v. Sullivan**, 501 U.S. 89, 97-98 (1991). "Sentence four,[2] by its terms, authorizes a court to enter 'a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the case for a rehearing.'" **Buckner v. Apfel**, 213 F.3d 1006, 1010 (8th Cir. 2000) (quoting § 405(g)) (footnote added). The Commissioner's unopposed motion is properly considered a sentence four remand. See **Boyle v. Halter**, 165 F. Supp.2d 943, 943 n.2 (D. Minn. 2001) (noting that Commissioner's

---

[2]Sentence four reads: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

motion to remand after answer has been filed was appropriately made pursuant to sentence four). It will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of the Commissioner to reverse and remand is **GRANTED**. [Doc. 14]

An appropriate Judgment shall accompany this Memorandum and Order.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this  7th  day of November, 2011.